UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE JEAN, *Plaintiff*, v. PAMELA BRISTOL, *Defendant*. | Case No. 24-cv-08847-MMG-JEW **[PROPOSED]** **JOINT PRETRIAL ORDER** |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16 and this Court's Individual Rules & Practices, the following statements, directions, and agreements are adopted as the Pretrial Order herein:

## I. TRIAL COUNSEL

Plaintiff:

Michael E. Hatchett, Esq.
Law Office of Michael E. Hatchett, Esq.
Martin House at West End
Box 292
Claverack, New York 12513
(917) 587-9999)
meh@mhatchettco.com

Defendant:

Mark D. Bradford, Esq.
Mark Bradford, P.C.
299 12th Street
Brooklyn, NY 11215
(347) 423-3287
mb@markbradfordpc.com

## II. SUBJECT MATTER JURISDICTION

The parties do not dispute this Court's subject matter jurisdiction in this matter, pursuant to 28 U.S.C. § 1332(a), insofar as Plaintiff and Defendant have diversity of jurisdiction, and the funds at issue total in excess of $75,000.00.

## III. NATURE OF THE CASE

### A. Plaintiff's Version

This case involves claims by Plaintiff that she and Defendant entered into an oral agreement whereby Plaintiff agreed to lend Defendant monies to use for both personal and business needs. Plaintiff further claims that under the oral agreement, Defendant agreed to repay all monies loaned by Plaintiff within one year. Defendant proffered payments would come from monies she would earn from consulting contracts, monies her company would receive through funding raising, or by a mortgage on her apartment in Lisbon. Plaintiff claims that she loaned Defendant $120,000.00, of which only a few hundred dollars have been repaid. Defendant denies a binding repayment agreement and contends that much or all of the money was given as gifts during their personal relationship.

### B. Defendant's Version

Plaintiff Michelle Jean ("**Jean**") and Defendant Pamela Bristow ("**Bristow**") were involved in a romantic relationship between 2022 and 2024. Between 2023 and early 2024, Jean disbursed funds to Bristow in over thirty different transactions, in amounts ranging from $125 to $3,000. Following the end of the relationship, Jean claimed that these disbursements were in fact loans, and now in this litigation seeks recovery of these monies under two causes of action: (a) alleging that Bristow fraudulently induced Jean to make these disbursements, and/or (b) in the alternative, alleging that Bristow has breached an oral agreement between the parties under which Bristow was obliged to repay

Jean.

## IV. Claims To Be Tried

Both causes of action remain at issue: (I) fraud in the inducement, and (II) breach of an oral contract.

## V. Defenses To Be Tried

Defendant's Affirmative Defenses (First) through (Fifth) remain to be tried, all addressing the sufficiency of both of Plaintiff's claims, except for the Third Affirmative Defense that Defendant "has failed to plead her cause of action sounding in fraud with sufficient particularity."

Defendant's Sixth Affirmative Defense was adjudicated in Defendant's favor by Order of this Court, dated June 18, 2025 [Dkt. 21].

## VI. JURY/NON-JURY

It is agreed by the parties that this action should be tried before a jury. The estimated length of the trial is 2 to 3 days.

## VII. PERSONS/ENTITIES IN THE CASE

1. Michelle Jean (plaintiff)
2. Pamela Bristow (defendant)
3. Zesa Raw Trading Post LLC
4. Deep Rx LLC
5. Deep Rx Global LLC (Defendant's company)
6. Misha Anderson (Defendant's business partner)
7. Tita Fernandez (Defendant's mother)
8. Maria Caso (Defendant's friend and personal trainer)

9. Nik Adams (Defendant's friend and neighbor)

10. Robert Bristow (Defendant's former spouse)

11. Jillian Walsh (Defendant's attorney)

12. Teresa Barros (Investor in one of Defendant's businesses)

13. JP Nedelec (Investor in one of Defendant's businesses)

14. Majory Wendy Gabriele (Acquaintance of Plaintiff and Defendant)

15. Bank of America, NA (Plaintiff's Bank)

16. Capital One, NA (Plaintiff's Bank)

17. Andreé Jean Irrevocable Trust (Plaintiff's Family Trust)

18. Lisbon, Portugal (Plaintiff's place of residence)

19. New York, New York (Place travel)

20. Athens, Greece (Place of a DeepRx Global business trip)

## VIII. STIPULATED FACTS

1. Jean and Bristow were involved in a romantic relationship from in or about 2022 to in or about February 2024.

2. Starting in 2023 into early 2024, Jean made or authorized the following documented disbursements of funds to Bristow from at least two different accounts – one held by Jean ("**MJ**") and a second account held by Jean's company Zesa Raw Trading Post LLC ("**Zesa**") (cf. Complaint ¶ 56, where they are referenced as alleged "loans"):

| Date | | Source | Amount |
|---|---|---|---|
| 2/7/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $150.00 |
| 3/6/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $100.00 |
| 3/10/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $900.00 |
| 4/3/23 | Zelle Transfer to Pam Bristow | Zesa | $900.00 |
| 5/1/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $150.00 |
| 5/1/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $125.00 |
| 5/8/23 | Zelle Transfer to Pam Bristow | Zesa | $1,000.00 |
| 5/12/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $1,000.00 |
| 5/12/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $2,500.00 |
| 5/16/23 | Zelle Transfer to Pam Bristow | Zesa | $1,500.00 |

| | | | |
|---|---|---|---|
| 5/18/23 | Zelle Transfer to Pam Bristow | Zesa | $2,000.00 |
| 6/9/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $1,000.00 |
| 6/12/23 | Zelle Transfer to Pam Bristow | Zesa | $200.00 |
| 7/7/23 | Zelle Transfer to Pam Bristow | Zesa | $3,000.00 |
| 7/10/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $2,000.00 |
| 8/1/23 | Zelle Transfer to Pam Franco-Bristow | MJ | $3,000.00 |
| 8/25/23 | Zelle payment to Pam Bristow | MJ | $450.00 |
| 9/1/23 | Zelle payment to Pam Franco-Bristow | MJ | $1,000.00 |
| 9/19/23 | Zelle payment to Pam Franco-Bristow | MJ | $1,000.00 |
| 10/2/23 | Zelle payment to Pam Franco-Bristow | MJ | $3,000.00 |
| 10/10/23 | Zelle payment to Pam Franco-Bristow | MJ | $1,000.00 |
| 10/20/23 | Zelle payment to Pam Franco-Bristow | MJ | $1,000.00 |
| 11/3/23 | Zelle payment to Pam Bristow | Zesa | $2,000.00 |
| 11/6/23 | Zelle payment to Pam Bristow | Zesa | $2,000.00 |
| 12/5/23 | Zelle payment to Pam Bristow | Zesa | $1,750.00 |
| 12/5/23 | Zelle payment to Pam Franco-Bristow | MJ | $2,000.00 |
| 12/7/23 | Zelle payment to Pam Franco-Bristow | MJ | $500.00 |
| 2/5/24 | Zelle payment to Pam Bristow ("rent plus") | Zesa | $3,000.00 |
| 2/21/24 | Zelle payment to Pam Franco-Bristow | MJ | $1,000.00 |
| 2/21/24 | Zelle payment to Pam Bristow | Zesa | $1,000.00 |

3. Plaintiff sent DeepRX the following sums of money

| Transaction Description | Transaction Date | Transaction Amount |
|---|---|---|
| Debit Card Purchase - SP FIVE ELEPHANT BERLIN -COFFEE SAMPLES FOR DEEPRX | 02/09/24 | $216 |
| Cashier's Check Payment to Pamela Bristow For the benefit of DEEP RX LLC | 01/03/24 | $12,000 |
| Cashier's Check Payment to Pamela Bristow For the benefit of DEEP RX LLC | 12/14/23 | $15,000 |
| Overnight Courier Check Charge REVERSE 12/14/2023 DWCKFEE Reversal | 12/14/23 | -$20 |
| Overnight Courier Check Charge for payment to Pam Bristow | 12/14/23 | $20 |
| Bill payment to DEEP RX GLOBAL LLC | 10/17/23 | $25,000 |
| Wire Withdrawal to Deep RX GLOBAL LLC | 9/8/23 | $10,000 |
| Other | $235.61 | |

4. Plaintiff sent money to Defendant or DeepRX by wire transfer, Zelle, and bank check.

5. On or about April 3, 2024, Bristow stated in an email to Jean (cf. deposition exhibit DX-6) that she regarded $45,000 as a loan that Bristow intended to pay back. The response by Jean also contained in DX-6 was never sent to Bristow. (Jean Depo 88:12 – 90:23)

6. Plaintiff and Defendant were romantically involved when monies were sent from Plaintiff to Defendant and to a company in which Defendant was a principal owner DeepRX Global, Inc. ("DeepRX").

7. The total amount of money sent to Defendant and DeepRX is more than $100,000.00.

8. Plaintiff allowed Defendant to use Plaintiffs's credit cards and charge cards from time to time, and Defendant acknowledged that various charges made on the cards were loans which needed to be repaid.

## IX. EXHIBITS

Each party's list of exhibits to be offered in its case-in-chief is attached as **Exhibit A** (Plaintiff) and **Exhibit B** (Defendant).

## X. DEPOSITION EXCERPTS

Plaintiff and Defendant decline to designate any deposition portions, but reserve the right to use deposition testimony for impeachment purposes.

## XI. PLAINTIFF'S WITNESS LIST

| Witness | Mode | Interpreter | Summary of Testimony | EST. Direct | Est. Cross |
|---|---|---|---|---|---|
| Michelle Jean | Live | No | Background, Oral Contract, inducement facts | 4.5 hrs | |
| Teresa Barros | Live | No | Support for loan to Defendant for company | .5 hr | |
| JP Nedelec | Live | No | Support for loan to Defendant for company | .5 hr | |
| Misha Anderson | Live | No | Regarding business payments and repayments | 1.0 hr | |
| Majory Wendy Gabriele | Live | No | Regarding the nature of Plaintiff and Defendant monetary relationship | 1.0 hr | |

| | | | | | |
|---|---|---|---|---|---|
| Florence Alinares-Hernandez | Live | No | Regarding the nature of the monetary relationship between Plaintiff and Defendant | .5 hr | |
| Maria Helena Pinto Grant | Live | No | Regarding the nature of the monetary relationship between Plaintiff and Defendant | .5 | |

## XII. DEFENDANT'S WITNESS LIST

The witnesses listed below may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.

1. Pamela Bristow – party
2. Misha Anderson – in person; rebutting Plaintiff's allegations regarding business discussions; 30 minutes
3. Jillian Walsh – in person; rebutting Plaintiff's allegations regarding business discussions; 30 minutes
4. Tita Fernandez – in person; rebutting Plaintiff's allegations regarding the conversation referenced in Complaint ¶ 26; 15 minutes
5. Maria Cosa – in person; rebutting Plaintiff's allegations regarding the conversation referenced in Plaintiff's deposition; 15 minutes
6. Robert Bristow – in person; rebutting Plaintiff's allegations regarding the conversation referenced in Plaintiff's deposition; 15 minutes
7. Nik Adams – by affidavit, if required; rebutting Plaintiff's allegations regarding the conversation referenced in Plaintiff's deposition

## XIII. RELIEF SOUGHT

Plaintiff seeks:

- Repayment of loans in the total amount of $120,000.00, with interest from the day of judgment
- Attorneys' fees and costs.

## XIV. Consent to Less Than Unanimous Verdict

The Parties are willing to consider a less than unanimous verdict.

**SO ORDERED.**

**Date:** ______________________
**New York, New York**

______________________________
**MARGARET M. GARNETT**
**United States District Judge**

Dated: New York, New York
October 16, 2026

LAW OFFICE OF MICHAEL E. HATCHETT, ESQ.

//s//

______________________________
Michael E. Hatchett
Martin House at West End
371 NY 23B
PO Box 292
Claverack, New York 12513
(917) 587-9999
Email: meh@mhatchettco.com

*Attorney for Plaintiff*
*Michelle Jean*

MARK BRADFORD, P.C.

Mark Bradford
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
Email: mb@markbradfordpc.com

*Attorney for Defendant*
*Pamela Bristow*