USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/02/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE JEAN,

Plaintiff,

-against-

PAMELA BRISTOW,

Defendant.

24-CV-08847 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Michelle Jean moves to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant Pamela Bristow opposes the motion unless dismissal is entered with prejudice and with Defendant's litigation costs assessed. For the reasons set forth below, and as discussed on the record in the two conferences held before the Court on November 2, 2026, Plaintiff's motion to dismiss is GRANTED, with prejudice.

Plaintiff filed this action on November 20, 2024, alleging fraud and breach of contract. Dkt. No. 1. On February 13, 2025, Defendant Bristow filed her answer. Dkt. No. 8. The matter was referred to Magistrate Judge Willis for settlement. Dkt. No. 10. The settlement conference resulted in the dismissal of defendant Deep RX LLC from this case, Dkt. No. 21, but did not resolve the dispute between Michelle Jean and Pamela Bristow. On November 17, 2025, the Court set a trial date of April 14, 2026. Dkt. No. 25. The month before trial was set to begin, Plaintiff filed a request to adjourn the trial. Dkt. No. 27. The Court granted that request and adjourned the trial until November 10, 2026. Dkt. No. 28. With trial less than two weeks away, Plaintiff now seeks to voluntarily dismiss the complaint under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Dkt. No. 43. Two conferences were held with counsel on November 2, 2026, to discuss the dismissal request. Plaintiff primarily seeks dismissal of this matter so that they may litigate the merits in the related Portuguese matter—Lisbon Central Civil Court, Case No. 19369/25.8T8LSB—with neither party able to use the pendency of this matter to delay or interfere with the Portuguese case. *Id.* During the November 2 conferences, Defendant stated, in substance, that if the matter was to be dismissed, she requested dismissal with prejudice, so that the matter could not be refiled at some later date, and also that Plaintiff be required to pay the costs Defendant had incurred in defending this matter to date. Plaintiff requested dismissal without prejudice, so as not to negatively affect the Portuguese case, but disclaimed any intent to refile her claims in the United States in the future.

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without court approval "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). However, where, as here, an answer was served, *see* Dkt. No. 8, Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only be court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal without prejudice is the default under Rule

41(a)(2). *Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17-CV-04661 (MKV), 2023 WL 7411714, at *2 (S.D.N.Y. Nov. 9, 2023).

The factors relevant to the consideration of a plaintiff's motion to dismiss under Rule 41(a)(2) include "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). The Court has broad discretion to determine whether dismissal under Rule 41(a)(2) is warranted. "The essential question is whether the dismissal of the action will be unduly prejudicial to defendants; if so, plaintiff's motion [to dismiss under Rule 41(a)(2)] should be denied." *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y. 1953) (explaining that litigants may be permitted to dismiss an action even where the purpose for dismissal is to commence litigation in a more favorable forum). Similarly, "the trial court has considerable discretion in deciding whether to allow a withdrawal of a claim without prejudice. In general, the court may allow such a dismissal if the defendant will not be prejudiced thereby, and should consider the defendant's effort and expense in defending the action as well as the plaintiff's reasons for needing such a dismissal." *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985) (directing that claim withdrawn during trial be dismissed with prejudice); *see also Hudson Eng'g Co. v. Bingham Pump Co.*, 298 F. Supp. 387, 388 (S.D.N.Y. 1969) (rejecting argument that the court has no discretion and must grant motions for voluntary dismissal with prejudice and noting that the court must exercise its discretion "especially when, as here, the litigation is at an advanced stage").

The presumption in this Circuit is that voluntary dismissal pursuant to Rule 41(a)(2) should be granted absent a showing "that defendants will suffer substantial prejudice as a result." *Doe v. Portnow*, No. 24-CV-00345 (AT), 2024 WL 2260271, at *1 (S.D.N.Y. May 17, 2024) (quoting *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017)). In deciding whether to grant the motion, "the court should consider the fact that a dismissal with prejudice [h]as the effect of a final adjudication of the merits and is thus a bar to future suits brought by the plaintiff upon the same cause of action." *Id.* at 389. The Court is permitted to structure the dismissal on terms it deems proper to avoid undue prejudice to the defendant. *See, e.g.*, *Pac. Vegetable Oil Corp. v. S. S. Shalom*, 249 F. Supp. 503, 508 (S.D.N.Y.), *supplemented*, 257 F. Supp. 944 (S.D.N.Y. 1966).

Having carefully considered the *Zagano* factors as applied to this case, the Court concludes that granting the request to dismiss this case is justified, but the dismissal should be with prejudice. Plaintiff acted with reasonable diligence in bringing this motion. Nothing in the record indicates that Plaintiff intentionally waited until the eve of trial to seek to dismiss this case. Rather it appears that the potential conflict between the two cases was only raised in the Portuguese action in September 2026 and Plaintiff's U.S. counsel was only briefed on the issue in October. Dkt. No. 43 at 1. Thus, while the motion is significantly late in the progress of the overall case, it appears that Plaintiff did not know this unique issue of transnational law would arise. Further, although Defendant is understandably vexed by the costs incurred in this litigation, there is nothing to suggest that this case was brought solely to harass Defendant or in bad faith. Indeed, Plaintiff is actively pursuing essentially the same claims in the Portuguese action. Finally, Plaintiff provides an adequate explanation for seeking the dismissal, in that

circumstances have developed that suggest the claims against Defendant should be pursued in only one jurisdiction rather than two.

The third and fourth *Zagano* factors weigh against dismissal, but any harm to Defendant is adequately addressed by dismissing with prejudice. The suit has progressed to a significantly late stage and trial is one week away. Given this case has nearly concluded, the duplicative expense of relitigation would be great. Both issues are remedied by dismissing with prejudice. Although there is a presumption in the Second Circuit that voluntary dismissals should be without prejudice, *see Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006), under the facts of this case, a dismissal without prejudice could cause Defendant to "suffer some plain legal prejudice other that the mere prospect of a second lawsuit." *Id.* Dismissal with prejudice essentially prevents Plaintiff from refiling her claims in the United States if she receives an unfavorable outcome in the Portuguese suit, and that protection is sufficient to ameliorate any prejudice to Defendant from dismissal on the eve of trial.

Finally, an award of costs to Defendant is not appropriate. As noted above, there is no evidence of bad faith or sanctionable conduct on the part of Plaintiff, and the Defendant would not be entitled to cost-shifting even if she prevailed at trial, after having incurred additional attorney's fees to conduct the trial. *See, e.g., Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 602-603 (2001) ("In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser."). Accordingly, Defendant has no reasonable claim to attorney's fees as a sanction for late dismissal of the case, particularly where the dismissal with prejudice adequately protects the Defendant from the risk of accruing additional litigation costs in the future.

For all of these reasons, Plaintiff's motion to voluntarily dismiss the action is GRANTED, with prejudice. To be clear, there has been **no** adjudication of the merits of this action by the Court or by a jury. The dismissal is "with prejudice" solely to address any prejudice to Defendant from this dismissal by ensuring that this action cannot be refiled in any state or federal court in the United States without the approval of the court. The dismissal is thus a purely administrative matter, is at the request of Plaintiff, and does not reflect any determination on the merits of any claim. This decision is not intended to have, and should not have, any effect on any legal action in any country outside of the United States.

The Clerk of Court is respectfully directed to dismiss this case with prejudice and CLOSE the case.

Dated: November 2, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge